IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV30-MU-02

PRINCE S.J. WEBBER,            )
    Plaintiff,                 )
                               )
    v.                         )    **O R D E R**
                               )
UVEST FINANCIAL SERVICES;      )
FIRST VIRGINIA BANKS, INC.;    )
BB&T INVESTMENT SERVICES; and  )
JOHN and JANE DOE BROKERS,     )
    Defendants.                )
_____)

**THIS MATTER** comes before the Court on the plaintiff's "Motion For Relief Pursuant To Fed.R.Civ.P. Rule 59."

According to pertinent Court records, on January 24, 2004, the petitioner filed a Complaint, purportedly brought pursuant to 28 U.S.C. §§1331, 1332, 1337(a), 1348, 1349, 1357 and 1367. By that Complaint, the plaintiff sought hundreds of thousands of dollars in punitive damages for claims such as "unlawful possession of funds"; "fail[ure] to properly maintain financial records accurately . . . "; "theft or unlawful seizure" based upon the defendants' failure to pay him interest and dividends on his deposit; failure to provide the plaintiff with "appropriate notification of any merger or notice of any transfer . . . "; denial of "accessibility to his money and funds, making false claims amounting to 'federal law and company policy to delay access to cash owed the plaintiff' . . . ;" and for discri-

mination based upon the plaintiff's status as an inmate, in violation of the Equal Protection Clause.

After carefully reviewing those matters, however, on March 26, 2004, the Court dismissed the plaintiff's Complaint for, among other reasons, its lack of jurisdiction over the claims. By the instant Motion, the plaintiff seeks reconsideration of his claims under the theory that this Court failed to "liberally construe his complaint" on its initial review of that document. However, this Court has reviewed that Motion and determined that the same must be <u>denied</u>.

Indeed, even assuming that the instant Rule 59 Motion was timely filed, a fact which is not altogether clear, the plaintiff's sole basis for seeking reconsideration is that he is seeking more than $200,000.00 in punitive damages; therefore, he has satisfied the monetary threshold set forth in 28 U.S.C. §1332, and has thereby conferred "diversity jurisdiction" upon this Court. However, the Court has found that the plaintiff's reliance upon 28 U.S.C. §1332 (provisions governing "diversity jurisdiction") is mistaken.

To be sure, notwithstanding the plaintiff's demand for thousands in punitive damages, a review of his Complaint establishes that he failed to demonstrate a basis for that demand. That is, the plaintiff's Complaint set forth allegations involving about $900 in his bank account(s)--sums which are far

2

less than the $75,000 threshold amount.  Moreover, the plaintiff failed to articulate--in any more than a conclusory fashion--a basis for awarding <u>any</u> punitive damages, let alone a basis for an award of more than $200,000.00 in punitive damages.  Thus, his baseless assertions cannot support a finding of diversity jurisdiction here.  <u>See e.g.</u>, <u>Clark v. Paul Gray, Inc.</u>, 306 U.S. 583, 588-90 (1939) (noting that where the pleadings fail to allege or otherwise establish the minimum amount to invoke federal jurisdiction, the complaint should be dismissed.).

Accordingly, inasmuch as the plaintiff has failed to set forth any matters upon which this Court could justify disturbing its prior decision, the instant Motion for Relief under Rule 59 must be <u>denied</u>.

    **SO ORDERED.**

**Signed: September 30, 2005**

*[Signature]*

Graham C. Mullen
Chief United States District Judge